UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDITH VILLARRUBIA, wife of/and     CIVIL ACTION NO:
    JOHN G. VILLARRUBIA
        Plaintiffs
                                    JUDGE:
VERSUS


ENCOMPASS INDEMNITY COMPANY        MAGISTRATE:
    Defendant


ENCOMPASS INDEMNITY COMPANY'S
PETITION OF REMOVAL

Defendant, Encompass Indemnity Company ("Encompass") hereby removes to this Court the state court action described below.

1. On January 19, 2010, Edith Villarrubia, wife of/and John G. Villarrubia ("Plaintiff") filed this action, seeking recovery of losses or damages incurred as a result of an automobile accident that took place on February 19, 2008. In this action, the Plaintiffs seek damages against Encompass, their uninsured motorist carrier, for damages sustained for personal and/or bodily injury, and for alleged violations of La. R.S. 22:1892 and 22:1973.

2. The Petition names Encompass Indemnity Company, a foreign non-Louisiana insurer, as the sole Defendant. (Petition, ¶ I.)

3. This action was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Edith Villarrubia, et al v. Encompass Indemnity Company,* bearing No. 682-440, Division "G."

4. In addition to claiming personal injury as a result of the aforementioned accident, the Petition sets forth that the Plaintiffs are entitled to additional damages by way of penalties, attorneys' fees, interest, all pursuant to La. R.S. 22:1892 and/or La. R.S. 22:1973, due to the alleged improper handling of their claims by Encompass.

5. Encompass avers that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as there is complete diversity as to all parties; and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

6. Encompass has attached all pleadings filed in the record of the state court proceeding as of the date of this filing. (*See* Exhibit A.) Further, a List of Parties will be filed with this Notice of Removal pursuant to 28 U.S.C. § 1447(b). (*See* Exhibit B.)

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a), as the Eastern District of Louisiana encompasses the Parish of Jefferson where the suit originally was filed.

8. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being delivered to all parties individually or through their counsel of record. Additionally, a copy of the Notice of Removal will be filed with the Clerk of 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. *See* 28 U.S.C. § 1446(d). (*See* Exhibit C, Notice of Filing Removal.)

9. Plaintiffs served Encompass with process for the original Petition through the Louisiana Secretary of State on February 5, 2010 and thus, this Notice of Removal is filed timely and in compliance with 28 U.S.C. § 1446(b).

### Complete Diversity Exists As To All Parties

10. Plaintiffs are alleged to be domiciliaries of the State of Louisiana. (Petition, Introductory Paragraph.)

11. Encompass is alleged to be a foreign non-Louisiana insurer (Petition, ¶ I), and in fact Encompass is incorporated in Illinois with its principal place of business in Illinois, and is a citizen of the State of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

### The Amount In Controversy Exceeds $75,000

12. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003). The removing party, here Encompass, can meet this burden by demonstrating that it is facially apparent from the Petition that Plaintiffs' claim exceeds $75,000, or, where it is not facially apparent, by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

13. Here, it is apparent from the Petition that the amount in controversy exceeds $75,000. Specifically, the Petition avers that the Plaintiff, Edith Villarrubia, has

3

sustained "damages to her mind and body consisting of, but not limited to, aggravation of pre-existing injuries to her neck, back, lumbar, thoracic and cervical spine and the bones, ligaments and musculature and lower extremities, degenerative disc disease, cervical disc problems, and disability, mental and physical pain and suffering, inconvenience, loss of enjoyment of life, medical expenses, past and future, economic damages, loss of wages, diminution of the value of her vehicle, and other damages . . . " (Petition, ¶ VIII). In addition, the Petition alleges damages for loss of consortium sustained by John G. Villarrubia (Petition, ¶ IX) and further alleges that the Plaintiffs are due penalties and attorneys' fees as provided by La. R.S. 22:1892 and 22:1973.

While Encompass denies that it acted in bad faith, such attorneys' fees and penalties are properly included in determining the jurisdictional amount. In this instance, the statute allowing for penalties, La. R.S. 22:1892 (formerly La. R.S. 22:658), allows for damages for up to 50% of the amount that should have been paid. Further, La. R.S. 22:1892 allows for recovery of reasonable attorneys' fees and La. R.S. 22:1973 (formerly La. R.S. 22:1220) allows for up to twice the damages owed to be paid as penalties.

Once again, Encompass Indemnity Company denies that it acted in bad faith but contends that these claims for penalties and attorneys' fees are properly included in determining the jurisdictional amount in dispute. *St. Paul Reinsurance,* 134 F. 3d at 1253 noting that attorneys' fees and penalties are included in determining the jurisdictional amount when a party could be liable for that amount under State law. These potential penalties and fees simply swell the amount in controversy and further

establish that the controversy requirement is met. *Shepherd v. State Farm Mut. Auto. Ins. Co.*, 545 So. 2d 624 (La. App. 4th Cir. 1989), and *Fuqua v. Aetna Cas. & Sur. Co.*, 542 So. 2d 1129 (La. App. 3rd Cir. 1989) Further, undersigned counsel has forwarded correspondence to counsel for Plaintiffs offering for the Plaintiffs to stipulate that the amount in controversy in this matter does not exceed $75,000 and, as of yet, the Plaintiffs have been unwilling to do so. Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdictional purposes.

**WHEREFORE,** Encompass Indemnity Company respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

_____
SCOTT G. JONES, #14408
INABNET & JONES, L.L.C.
1331 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 624-9920
Facsimile: (985) 624-9940
scott@inabnetjones.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record via email, facsimile and/or U.S. Mail, properly addressed and prepaid, this 2 day of March, 2010.

_____
SCOTT G. JONES