UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDITH VILLARRUBIA ET AL                    CIVIL ACTION

VERSUS                                     NO: 10-734

ENCOMPASS INDEMNITY COMPANY                SECTION: J(3)


### ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Remand Pursuant to
28 U.S.C. § 1447(c) (Rec. Doc. 11)** and Defendant's **Response
Memorandum in Opposition (Rec. Doc. 14)**. Also before the Court
is Defendant's **Motion to Vacate Preliminary Default Judgment
(Rec. Doc. 13)** and supporting memoranda, and Plaintiffs' **Response
Memorandum in Opposition (Rec. Doc. 15)**, and supporting
memoranda.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

On January 19, 2010, Plaintiff Edith Villarrubia, filed suit
for recovery under her insurance contract's uninsured motorist
provision against her insurer, Encompass Indemnity Company
("Defendant"). The suit was filed in the 24th Judicial District
Court for the Parish of Jefferson, State of Louisiana. Defendant
was served on February 5, 2010. After being served, Defendant

prepared a package of information regarding the law suit and attempted to have this package delivered to its attorneys. However, because Defendant's internal records were not up to date, the package was delivered to the attorneys' prior address. The package sat unopened for days at the prior address until a tenant at that location noticed the package and notified the attorneys.

The "mis-delivery" of the package led to Defendant's failure to timely file an answer to Plaintiffs' complaint. Plaintiffs therefore requested, and were granted, a Preliminary Default Judgment against Defendant on February 23, 2010. On March 2, 2010, prior to Plaintiffs obtaining a confirmation of the preliminary default judgment, Defendant timely removed this matter to the Eastern District of Louisiana. Defendant then filed its initial answer to the complaint on March 8, 2010. On April 5, 2010, Plaintiffs filed the current motion to remand pursuant to 28 U.S.C. § 1447(c). Defendant then filed a response in opposition to Plaintiffs' motion to remand, as well as a motion to vacate the state court's preliminary default judgment.

## PARTIES' ARGUMENTS

According to Plaintiffs, this Court should grant their motion to remand because the state court has already issued a preliminary default judgment. Plaintiffs argue that Defendant's attempted removal is essentially challenging the *in personam*

jurisdiction of the state court.  This challenge, according to
Plaintiffs, is equivalent to a declinatory exception under
Louisiana law and therefore, it is untimely because declinatory
exceptions cannot be raised after a preliminary default judgment
is entered.  Plaintiffs also argue that there is no basis in law
to vacate the preliminary default judgment.  Alternatively,
Plaintiffs argue that even if there is a legal basis for vacating
the judgment, Plaintiffs would suffer prejudice by such an action
and therefore, an order vacating the judgment would not be in the
interest of justice.

Defendant, on the other hand, argues that the notice of
removal was timely filed and that the notice satisfied all the
requirements of 28 U.S.C. § 1446.  Defendant further argues that
in the interest of justice, the preliminary default judgment
should be vacated.

**DISCUSSION**

*I.  Plaintiffs' Motion to Remand*

In support of their motion to remand, Plaintiffs do not
challenge the existence of complete diversity in this matter or
jurisdictional amount as required under 28 U.S.C. § 1332.
Although Plaintiffs contend that the removal was untimely, their
untimeliness argument is not based on federal law.  Instead, the
argument is based on the theory that a defendant cannot remove a
case to federal court after a preliminary default judgment has

been granted because removal is akin to a declinatory exception under the Louisiana Rules of Civil Procedure.

Despite Plaintiffs' arguments to the contrary, the Fifth Circuit, as well as courts in this district, have held that a preliminary default judgment is not a bar to removal.  See <u>FDIC v. Yancey Camp Dev</u>., 889 F.2d 647 (5th Cir. 1989); <u>Bernadas v. American Empire Surplus Lines Ins. Co.</u>, 2007 WL 4180541 (E.D. La. 2007); <u>Bilbe v. Belsom</u>, 2006 WL 3388482 (E.D. La. 2006). Defendant's notice of removal was filed within 30 days of the filing of Plaintiffs' State Court suit, and the removal satisfied the requirements of § 1446 in all other respects.  Further, Plaintiffs do not challenge diversity, amount in controversy, or any other valid removal requirements.


II.  *Defendant's Motion to Vacate Preliminary Default Judgment*

Having decided that Defendant's removal was proper, this Court must now consider whether the state court's preliminary default judgment should be vacated.  The preliminary default judgment, which is the equivalent of an entry of default by a federal court, was entered by the state court prior to removal. "[W]hen a case is removed, the federal court takes it as though everything done in the state court had in fact been done in the federal court."  <u>Murray v. Ford Motor Co.</u>, 770 F.2d 461 (5th Cir. 1985) (citing <u>Savell v. Southern Ry.</u>, 93 F.2d 377, 379 (5th Cir.

4

1937)). Accordingly, pursuant to Fed. R. Civ. P. 55(c), this Court may not set aside the preliminary default judgment unless good cause exists for setting aside the judgment.

A defendant's lack of willfulness, combined with lack of prejudice to a plaintiff, has been held to be sufficient proof that good cause exists for vacating an entry of default. See, e.g., Bilbe, 2006 WL 3388482 at *3. Defendant did not willfully fail to answer the complaint. After being served, Defendant attempted to notify its counsel in a timely manner. Although Defendant's failure to keep an updated address on file for its counsel may equate to negligence, such failure was not a willful act.

In regards to prejudice, Plaintiffs' only claim of prejudice is that should the preliminary default judgment be vacated, Plaintiffs' "argument to have the case remanded back to state court might be severely undermined[.]" (Rec. Doc. 15, pg. 5). However, this Court's ruling on Defendant's motion to vacate has no bearing on Plaintiffs' motion to remand. As discussed above, this Court has rejected the argument that a state court's preliminary default judgment bars removal. Therefore, Plaintiffs' argument regarding prejudice is invalid. Further, having reviewed the record, this Court finds that Plaintiff will not suffer any prejudice if the preliminary default judgment is vacated because the judgment was never confirmed.

Accordingly, **IT IS ORDERED** that Plaintiffs' **Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (Rec. Doc. 11)** is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's **Motion to Vacate Preliminary Default Judgment (Rec. Doc. 13)** is hereby **GRANTED**.

New Orleans, Louisiana this __14th__ day of May, 2010.

_____
United States District Judge